McCORD AND NAVE MERCANTILE COMPANY,
RESPONDENT, v. JOHN GLENN, APPELLANT.

PRACTICE.—OVERRULING DEMURRER.—NOTICE OF DECISION.—Under
§ 347, Code of Civil Procedure, Compiled Laws of Utah, 1888,
volume 2, p. 254, providing that when a demurrer is overruled
and time to answer is given, the time so given begins to run
from the service of notice of the decision and although de-
fendant was in court when decision was rendered, and he knew
of it, and knew of time being given in which to answer, the
time given did not begin to run without such notice.

ATTACHMENT.—AFFIDAVIT FOR WRIT.—An affidavit for an attach-
ment which states the county but omits the letters "ss." is not
defective, approving Smith v. Richardson, 1 Utah 194.

ID.—ID.—STATEMENT OF GROUNDS FOR ATTACHMENT.—An affidavit
for an attachment which states the grounds for attachment that
"the defendant has disposed of and concealed and is about to
assign, dispose of and conceal his property with intent to defraud'
his creditors" is sufficient and is not bad as being stated con-
junctively.

ID.—UNDERTAKING.—AMENDMENT.—An affidavit for an attachment
did not state that "if the attachment be wrongfully issued, the
plaintiff will pay all costs that may be awarded to the defendant
and all damages which he may sustain by reason of the attach-
ment," and defendant having moved to discharge the attachment
and plaintiff having thereupon asked for leave to amend by such
words, the court granted leave to make such amendment; held,
that such order for leave to amend was in the discretion of the
court.

APPEAL from an order overruling a demurrer to a com-
plaint, a judgment by default, and an order denying mo-
tion to set aside default and judgment of the district court
of the first district. The following facts do not appear in
the opinion of the court, but are part of the record.

When the demurrer was overruled defendant's attorney
applied for leave to answer and the leave was granted upon
his motion.

The affidavit for attachment stated as cause for the at-
tachment, "that the said defendant has disposed of and.

concealed his property with intent to defraud his creditors."

The original undertaking for attachment had the following condition, "that if defendant recovered judgment in said action, said plaintiff will pay all the costs that may be awarded to said defendant, and all damages which he may sustain by reason of the said attachment." The amendment allowed inserted after the words said action, the words "or if the attachment be wrongfully issued." The body of the original undertaking stated that the sureties were residents of the city of Ogden, county of Weber, and Territory of Utah, but the justification did not state that they were either freeholders or householders in the Territory of Utah. The original undertaking was not signed by the plaintiff. The amended undertaking remedied both of these two latter defects.

*Mr. L. R. Rogers,* (*Mr. A. R. Heywood,* of counsel) for the appellant.

As to the affidavit cited *Dunnebaum* v. *Schram,* 59 Tex., 281. *Smith* v. *Richardson,* 1 Utah, 196. As to the undertaking argued that unless a proper undertaking for attachment was filed, the writ was *void.* *Hisler* v. *Carr,* 34 Cal., 641; *Hoffman* v. *Buckerhoff,* 1 Denio, 184; *Davis* v. *Marshall,* 14 Barb., 96; *Waples* on Attachment, 126; *Drake* on Attachment, 124, 130. As to the amendment to the undertaking, cited *Drake* on Attachment, sections 146, 84, 85; *Waples* on Attachment, 126. Amendments are permitted only to pleadings, Code of Civil Procedure, section 344, section 280, and contended that *Pierce* v. *Miles,* 6 Pacific Reporter, 347, was erroneous, citing *Winter* v. *Pearson,* 72 Cal., 553. As to the waving of notice of decision cited *Burlock* v. *Shupe,* 5 Utah, 428, 17 Pacific Reporter 19.

*Kimball* and *White,* for the respondent.

As to the waiving of notice of decision by application for time to answer in court, cited *Barron* v. *Deleval,* 58 Cal., 95. As to the affidavit cited *Smith* v. *Baker,* 80 Alabama, 318.

As to amendment to undertaking argued that affidavit was foundation for attachment but bond was merely to protect officer, citing *Lowrey* v. *Stowe,* 7 Porter 438; *Bank* v. *Andrews,* 8 Porter 404; *Lour* v. *Derrick,* 9 Porter, 415; *Tilton* v. *Cofield,* 93 U. S., 163; *Ernstein* v. *Rothchild,* 22 Fed. Rep.. 61; *Pierce* v. *Miles,* 6 Pac. Rep., 347; *Swearinger* v. *Howser,* (Kan.) 14 Pac. Rep. 436; notes: 61 Am. Dec., 125; 53 Am. Dec., 779; 79 Am. Dec., 179.

SANDFORD, C. J.:

The complaint alleges the sale by the plaintiff at different times of goods and merchandise, and that others, who had assigned to him their claims, had also sold goods to defendant, the whole indebtedness amounting to $1,976. To this complaint the defendant demurred. The demurrer was overruled, and the defendant allowed six days in which to file his answer. In our opinion, the complaint was not obnoxious on the grounds set forth in the demurrer. After having dealt with the corporation as such, it is too late to demur to its non-existence. The items of the amount sued for were sufficiently stated. They all arose out of contract, and were not so mingled as to render it impossible to determine the precise nature and amount of each. The Court, in giving further time to answer, did not prescribe the day on which the time to answer should begin to run, and on the sixth day after its decision, without service of notice on the defendant, judgment was entered against him by default. A motion to open the default was refused, and from the order denying that motion an appeal has been taken. It is contended that because the defendant was in Court at the time when the decision giving six days to answer was announced, and knew of it, he lost his statutory right to have the six begin to run after service of the notice. The Code (Section 347) provides that when a demurrer is overruled, and time to answer is given, the time so given runs from the service of notice of the decision. It is obvious that the defendant did not intend to waive the service of notice, inasmuch as he immediately moved to open the default, when notified of the same. His application to set aside the default was

opposed by the plaintiff, and was denied apparently on the ground that he had waived his right to a service of notice. We are of the opinion that the default should be set aside, and the defendant allowed to file his answer, for the reason that the plaintiffs did not comply with the statute directing that the time given, when a demurrer is overruled, should begin to run from the service of notice of the decision. It does not appear on this appeal that the decision rendered was ever filed, and it cannot be said to have been a decision until it was filed. *Carpentier* v. *Thurston*, 30 Cal. 123.

The case of *Barron* v. *Deleval*, 58 Cal. 95, supports the position of the respondent that there was a waiver of the written notice. While it is true that a party can waive the benefits of a statute, there should be a substantial evidence of a waiver, and it should not be left to construction or doubt. A waiver of notice affecting a right to a judgment should be clear, and beyond dispute. The decision of this Court in *Burlock* v. *Shupe*, reported in 5 Utah, 428, 17 Pac. Rep. 19, maintains a different view, and we follow and approve of that decision. By following the statute literally, such proceedings will be rendered more certain and definite, and possible controversies thereby avoided. A writ of attachment was granted in the Court below on the 31st day of May, 1888, and it is urged on appeal that it was void because the affidavit on which it was granted was defective in that it had no venue, and did not comply with the requirements of the Code. We have carefully examined the objections raised, and have reached the conclusion that the writ would not be defective, even if the affidavit had, as it claimed here, no venue. It appeared here that the county was stated in the affidavit, and the letters "ss." (*scilicet*) omitted. *Reavis* v. *Cowell*, 56 Cal. 588.

The allegation in plaintiff's affidavit as to the disposal and concealment of his property was a fact which was settled and decided below.

The Court has power under our Code to allow an amendment to a pleading in a proceeding. Code, § 344. In granting the amendment complained of, we do not

discover that the Court erred. Nothing was affected by the amendment which tended to impair the defendant's rights, and we 'are of the opinion that the motion to dismiss the writ of attachment was also correctly disposed of below. The case, however, will be remanded to the lower Court, in order that the default taken may be set aside. The defendant may have leave to answer the complaint within ten days after the service of a written notice, as provided by a section of the Code above cited.

BOREMAN, J., and JUDD, J., concurred.