## EVERETT v. JONES.

No. 1836. Decided July 16, 1907 (91 Pac. 360).

1. APPEAL — DECISIONS APPEALABLE. An appeal lies only from a judgment, and not from an order denying or granting a new trial.

2. JUDGMENT — WHEN BECOMES FINAL. A judgment is not final while a motion for a new trial made within the time allotted by law is pending and undisposed of.

3. APPEAL—TIME FOR TAKING. An appeal from a judgment may be taken within six months from the overruling of a motion for a new trial.

4. NEW TRIAL — NOTICE OF INTENTION TO MOVE — LIMITATION. Under Revised Statutes 1898, section 3294, providing that one intending to move for a new trial must, within five days after the verdict, or after notice of a decision if the cause were tried without a jury, serve and file a notice of such intention, and section 3330, providing that all notices must be in writing, one intending to move has a right to wait for a notice in writing of the decision from the adverse party before giving notice of intention to move for a new

trial, though the movant participated in the final proceedings, objecting to the findings and the signing of a decree.[1]

5. SAME — WAIVER. Under Revised Statutes 1898, section 3294, providing that one intending to move for a new trial must, within five days after the verdict, or after notice of the decision if the action were tried without a jury, serve and file a notice of such intention, the written notice of a decision may be waived; but, to constitute a waiver, the party must do some affirmative act pointed out in the statute as not necessary to be done until after the notice.[2]

6. ATTORNEY AND CLIENT — ACCOUNTING — COMPLAINT. A complaint alleging that plaintiff delivered to defendant, an attorney at law, moneys and notes valued at $3,042.80, to be loaned and collected for the use and benefit of plaintiff, and defendant neglected and refused to account to plaintiff, but had converted the moneys and proceeds to his own use, states a cause of action for an accounting.

7. APPEAL — REVIEW — PRESUMPTIONS. In the absence of a showing to the contrary, it must be presumed, on appeal from an order requiring an attorney to account to his client for notes and moneys received, that the order was properly made.

8. ATTORNEY AND CLIENT — ACCOUNTING. That an attorney failed to comply with an order of court requiring him to account to his client did not warrant the court in treating such failure as a confession of the plaintiff's demand and entering a judgment against him for such an amount, in the face of his general denial and of his counterclaims.

9. JUDGES — CHANGE — AUTHORITY OF SUBSTITUTE TO MAKE FINDINGS. Where, after the taking of evidence in an action by a client against an attorney for an accounting, and after the judge had found that plaintiff was entitled to an accounting and ordered defendant to account on a future day, and, upon defendant's objection to the judge further proceeding in the cause, another judge was authorized to further try the case, the substitute judge could make findings on the whole case.

10. TRIAL — FINDINGS — DUTY TO MAKE. A court must find upon all the material issues, including those raised by counterclaims, regardless of the insufficiency of evidence to support them, or though no evidence in their support is introduced.

11. JUDGMENT — NECESSITY FOR FINDINGS ON MATERIAL ISSUES. No judgment can properly be rendered until there are findings upon all of the material issues.[3]

---

[1] Mercantile Co. v. Glen, 6 Utah 139, 21 Pac. 500; Burlock v. Shupe, 5 Utah 429, 17 Pac. 19.

[2] Burlock v. Shupe, 5 Utah 429, 17 Pac. 19.

[3] Dillon Imp. Co. v. Cleaveland (Utah), 88 Pac. 670.

APPEAL from District Court, Box Elder County; John E. Booth, Judge.

Action by M. N. Everett against R. H. Jones. From a judgment for plaintiff, defendant appeals.

JUDGMENT VACATED, AND CAUSE REMANDED.

. T. D. Johnson, O. W. Powers and R. H. Jones for appellant.

J. D. Call for respondent.

STRAUP, J.

This is an action brought by plaintiff against defendant for an accounting. It is alleged in the complaint that the plaintiff delivered to the defendant, an attorney at law, moneys and notes to the amount and value of $3,042.80, to be by him loaned and collected for the use and benefit of the plaintiff, and that the defendant had neglected and refused to account to her, but had converted the moneys and proceeds to his own use. Defendant demurred to the complaint for want of facts, and on the further ground that the cause of action was barred by the statute of limitations. The demurrer was overruled. The defendant answered, denying all the material allegations of the complaint, and pleading the statute of limitations and counterclaims—one on a note of $55, executed by plaintiff to the defendant, which, it was alleged, remained unpaid, and upon which judgment was demanded for $81; one on a note for $23.44, executed by plaintiff to the defendant, upon which judgment was demanded for $34.79; and one for $500 for services rendered and performed by the defendant for the plaintiff as an attorney, and for costs paid out by him on her behalf. The plaintiff replied, denying the allegations of the counterclaims. Upon these issues the case was tried before Hon. Charles H. Hart, judge of the First judicial district court in and for the county of Box Elder, and after the taking of evidence on behalf of both parties for four or five days the court, on the 20th day of November, 1903,

made a finding that a trust relation existed between the plaintiff and the defendant, and that in accordance therewith the defendant came into possession of certain funds of the plaintiff, with respect to which she was entitled to an accounting, and thereupon the court ordered that the defendant make an accounting of the funds so received by him before the court on the 8th day of December, 1903. Upon objection made by the defendant to Judge Hart's further proceeding with the case, and upon defendant's request that the case be concluded before another judge, Hon. John E. Booth, judge of the Fourth judicial district, was authorized to further try the case, commencing on the 29th day of December, 1904. On that day the case was regularly called before Judge Booth. The defendant failed and refused to make an accounting, or otherwise to comply with the order of the court made on the 20th day of November, 1903, and objected to any further proceedings being had in the case, claiming that the court had no authority to make the order, and that the court had lost jurisdiction of the case. These objections were all overruled. Plaintiff's counsel then demanded that judgment by default (because of the defendant's failure to comply with the order) be entered against him for the sum of $3,202, which sum, it was claimed, the defendant admitted to have been received by him, as evidenced by a statement furnished by him to the plaintiff, which statement was attached to the complaint and made a part thereof. The default was so entered. The defendant having declined and refused to make an accounting or to comply with the order, Judge Booth thereupon made findings reciting the order theretofore made by Judge Hart, the defendant's refusal to comply therewith, and the entering of the default, and without hearing further evidence found that the defendant, on or about the 1st day of January, 1889, received from the plaintiff moneys and notes in the sum of $3,042.80, which the defendant had agreed to lend and collect for the use and benefit of the plaintiff, and to pay the principal and interest to her from time to time on her demand; that in June, 1896, the defendant rendered plaintiff a statement showing that the defendant

held $3,202 belonging to the plaintiff; and that on or about
June, 1897, the defendant paid to the plaintiff the sum of
$100, interest money, but since the date last aforesaid the
defendant had not paid anything to the plaintiff, and had
failed and refused to account to her, although often requested
so to do. As conclusions of law the court found that the plain-
tiff was entitled to a judgment against the defendant for the
sum of $3,202, less the payment of $100, together with in-
terest at 8 per cent; per annum from 1896. Judgment was
entered accordingly, from which the defendant has prosecuted
this appeal.

We are asked to dismiss the appeal because not taken in
time. The findings were made and filed, and judgment was
entered thereon, on the 29th day of December, 1904. On
the 16th day of January, 1905, defendant served and filed
his motion for a new trial. This motion was overruled on
the 20th day of June, 1906. We have repeatedly held
that in this state an appeal lies only from the judgment, and
not from an order denying or granting a new trial; that the
judgment is not final while a motion for a new trial, made
within the time allowed by law, is pending and undisposed
of; and that an appeal may be taken within six months from
the overruling of the motion for a new trial. If appellant
has filed his motion for a new trial within the time allowed
by law, his appeal is within time; otherwise, it is not. The
statute provides (section 3294, Rev. St. 1898) that a party
intending to move for a new trial must, within five days after
the verdict of the jury, or after notice of the decision of the
court or referee, if the action were tried without a jury, serve
and file a notice of such intention. In this case the motion
for the new trial was not served nor filed until nineteen days
after the findings were filed and judgment was entered. The
material question here is: When did the five-day period begin
to run? The statute provides that the party intending to
move for a new trial must within five days after notice of
the decision of the court or referee, if the action were tried
without a jury, file and serve his notice of intention. Section
3330 of the statute provides that all notices must be in writ-

ing. It is not made to appear of record that any written no-
tice was served upon the defendant of the decision of the
court. The contention made by the appellant is that the five
days did not begin to run until such a notice was served upon
him or his counsel, and as no written notice was served of
the decision the motion for a new trial was made within time.
On the contrary, it is urged by respondent that the bill of
exceptions prepared by the appellant shows that on the 29th
day of December, when the findings were presented to the
court, and before they were signed and filed the defendant
was possessed of the proposed findings, and objected to the
court's making findings, upon the ground that the court was
without authority to do so, that Judge Hart, and not Judge
Booth, heard the evidence and that the latter heard no evi-
dence upon which the alleged findings of fact could be based;
that the findings were not warranted nor supported by the
pleadings; that the appellant then and there made various oth-
er specific objections to each of the proposed findings of fact,
and likewise, for the same additional reasons, the appellant
objected to the court's signing the decree as proposed by re-
spondent; that the court then and there overruled all of appel-
lant's objections, to each of which rulings the appellant then
and there excepted; that the court then and there,
and on the same day, signed and filed findings and
decree as proposed by the respondent; and that because of
such proceedings, and of appellant's participation therein,
the respondent was not required to serve a written notice of
the decision in order to start the running of the five-day
period. There is much force to the position taken by counsel
for respondent, and, were the question an open one in this
jurisdiction, we would be inclined to hold with him. But
in the case of *Burlock v. Shupe,* 5 Utah, 429, 17 Pac. 19,
followed and approved in *Mercantile Co. v. Glen,* 6 Utah 139,
21 Pac. 500, and in the case of *Biagi v. Howes,* 66 Cal. 469,
6 Pac. 100, a contrary doctrine seems to have been held.
There, in effect, it was held that, under statutes identical with
those here in question, a party intending to move has a right
to wait for a notice in writing of the decision from the adverse
party before giving notice of intention to move for a new

trial, and that he is entitled to such notice of the decision before he is called upon to act, although he was present in court when the decision was rendered, and waived findings, and asked for a stay of proceedings on the judgment, and applied to the court for an extention of time in which to give notice of his intention to move for a new trial. It is there said that such a rule is more certain and definite, prevents controversies which under any other construction would be likely to arise, and accords with the evident intention expressed in the statute. Undoubtedly the serving of the written notice may be waived. But, as pointed out in the case of *Burlock v. Shupe, supra,* to constitute a waiver, "the party must do some affirmative act pointed out in the statute as not necessary to be done until after the notice." Under the authorities, we are constrained to hold that the motion for a new trial was filed within time; and, as the appeal was taken within six months from the time of the overruling of the motion, it follows that the appeal was taken within time. The motion to dismiss the appeal must therefore be denied.

The appellant urges that the court erred (1) in overruling the demurrer; (2) in making the order requiring him to account; (3) that the court presided over by Judge Booth was not authorized to make findings, because the evidence with respect thereto was not heard by him, but was heard by Judge Hart; and (4) that the court failed to find upon the issues tendered by the counterclaims. We think the demurrer was properly overruled. With respect to the second assignment the appellant has not made to appear wherein the court erred in ordering him to make an accounting. The evidence which the court presided over by Judge Hart, received and heard on behalf of both parties, lasting some four or five days, is not before us. Whether the court was or was not justified in making such an order must largely depend upon the evidence. We can perceive of some phases of the case where such an order might be made with propriety. Nothing having been made to appear to the contrary, we must presume that the order was properly made. Because the defendant failed to comply with the order, the court, however, was not justi-

fied in treating such failure and refusal as a confession of the plaintiff's demand, and entering a judgment against him for such an amount, in the face of his general denial and of his counterclaims. 1 Cyc. 413; *Lee v. Abrams,* 12 Ill. 111; *Bisop v. Baldwin,* 14 Vt. 145. But the court did not enter the judgment simply because the defendant failed and refused to comply with the order. The judgment of the court was also based upon the findings of fact as found and filed by the court, and as hereinbefore set forth. Had the court found upon all the material issues raised by the pleadings, we would, on this record, affirm this judgment. We think that the court presided over by Judge Booth was authorized to make findings upon the whole case. But assignment No. 4 must be sustained. It was the duty of the court to find upon all the material issues, including those raised by the counterclaims, regardless of the insufficiency of evidence to support them, or even though no evidence in their support was introduced. If the evidence was insufficient, or if there was no evidence in their support, the findings of fact with respect thereto should have been against the defendant, for on him was the burden of proof on such issues. With respect to these issues the findings are silent, and until they are disposed of no judgment could be properly pronounced. (*Dillon Imp. Co. v. Cleaveland* [Utah], 88 Pac. 670.) For this reason the judgment must be vacated, and the cause remanded. We however, are not disposed to grant a new trial.

The case is remanded to the trial court, with directions to set aside the findings and judgment, to make new and complete findings upon all the issues presented by the pleadings, and to enter judgment accordingly. This order is made pursuant to chapter 161, p. 260, Sess. Laws 1907, passed since the decision of *Dillon Imp. Co. v. Cleaveland, supra.* Neither party to have costs.

McCARTY, C. J., and FRICK, J. concur.