## MINNEAPOLIS THRESHING MACH. CO. v. FOX et al.

No. 3149.   Decided April 19, 1918.   (172 Pac. 699.)

APPEAL AND ERROR—APPEAL—TIME—SUSPENSION.   Under Comp. Laws 1907, section 3301, providing that an appeal may only be taken within six months from entry of judgment and section 3329, prohibiting the extension of time within which an appeal may be taken, the serving and filing of a motion for new trial pursuant to extension granted by trial court more than six months after the entry of the judgment is of no effect so far as suspending the time within which judgment becomes final for purpose of appeal.[1]

Appeal from District Court of Salt Lake County, Third District;   *Hon. F. C. Loofbourow,* Judge.

Action by the Minneapolis Threshing Machine Company against Jesse W. Fox and others.

Judgment for plaintiff.   Defendants appeal.

APPEAL DISMISSED.

*Ben Johnson* for appellant.

*Wedgwood, Irvine & Thurman* for respondents.

FRICK, C. J.

The defendants have appealed from a judgment entered against them by the district court of Salt Lake County.   The

---

[1] *Brough* v. *Mighell,* 6 Utah, 317, 23 Pac. 673;   *Anderson* v. *Halthusen, etc., Co.,* 30 Utah, 31, 83 Pac. 560;   *Felt* v. *Cook,* 31 Utah, 299, 87 Pac. 1092.

plaintiff has interposed a motion to dismiss the appeal. The motion is based on several grounds, but for the reasons hereinafter appearing, we shall consider the first ground only, namely, that the appeal was not taken within the time required by our statute, and for that reason this court is without jurisdiction to hear the appeal.

The record filed in this court shows that the judgment against the defendants was duly entered on January 15, 1916, and that notice of the entry of judgment was served on defendants' counsel the same day; that no motion for a new trial was served and filed until the 31st day of July, 1916, or 6 months and 16 days after the entry of judgment; that the notice of appeal was served and filed June 1, 1917, and the appeal was perfected on the 6th day of that month. The record also shows that the district judge from time to time granted the defendants extensions of time within which to serve and file their motion for a new trial, and that the last extension granted expired on the 31st day of July, 1916, the day on which the motion for a new trial was served and filed.

Plaintiff's counsel insists that, inasmuch as, under our statute (Comp. Laws 1907, section 3301), an appeal may only "be taken within six months from the entry of the judgment," and that section 3329 prohibits the extension of the time within which an appeal may be taken, the serving and filing of a motion for a new trial more than 6 months after the entry of judgment is of no force or effect. The Territorial Supreme Court of Utah, in *Brough* v. *Mighell,* 6 Utah, 317, 23 Pac. 673, held that the time within which an appeal must be taken cannot be extended, and this court, in *Anderson* v. *Halthusen, etc., Co.,* 30 Utah, 31, 83 Pac. 560, held that the time for appeal may not be extended by stipulation. In *Felt* v. *Cook,* 31 Utah, 299, 87 Pac. 1092, this court also held that an application to file a motion for a new trial upon the ground of excusable neglect must, under section 3005, be made within 6 months after entry of judgment or it comes too late. Upon the other hand, it has frequently been held by this court, and such has become the settled practice, that the district court or the district judge may grant extensions of time within which to serve

and file a motion for a new trial, provided the application for such an extension of time is made before the time provided by Comp. Laws 1907, section 3292, has expired, or, in case further extensions are given, that the new application is made before the time mentioned in the preceding extension has expired. Where such extensions have been granted and the motion for a new trial was regularly served and filed within the time granted, this court has very frequently held that the serving and filing of the motion for a new trial, for the purposes of appeal, prevents the judgment becoming final until the motion for a new trial is denied. In other words, the serving and filing of a motion for a new trial, if done as before stated, suspends the time within which a judgment becomes final for the purposes of appeal. The question now presented, however, namely, whether a motion for a new trial may be served and filed after the 6 months have expired within which a judgment becomes final and the appeal must be taken under section 3301, has never been presented for decision. That, however, is the question we must now decide.

As already pointed out, the time within which an appeal may be taken is jurisdictional, and may not be extended by agreement or otherwise. The only means by which the time within which a judgment becomes final for the purposes of an appeal may be suspended is by serving and filing a motion for a new trial as before stated. The question, therefore, is, when must such a motion be served and filed in order to have the effect of extending the time for appeal? Can that be done within any time that the district court, or a judge thereof, may fix? May the court, or judge, extend the time to file a motion for a new trial indefinitely, or is there a limit beyond which the time may not be extended? If there is no limit, then the district court, or the judge, has power to extend the time so that an appeal need not be perfected for years after the judgment is entered. True, the district court, after the motion for a new trial is filed and pending, may withhold decision, and thus may likewise retard an appeal. If the district court, however, unreasonably withholds a decision upon a motion duly filed, the parties to the action are not without

remedy. Either party may, by writ of mandate, require the court to act and to dispose of the motion one way or another. Such may also be done where the motion for a new trial is served and filed. When a motion is filed the adverse party may at any time serve notice on the party filing the motion, and may thus force an early hearing on the motion, and may have it disposed of within a reasonable time at least. If, however, the district court or the judge may extend the time in which to move for a new trial indefinitely, then there is absolutely no remedy. While we concede that neither the several sections of the statute to which we have referred nor the decisions which we have cited are decisive of the question here discussed (nor have we cited them for that purpose), yet when the statutes and the decisions of this court are considered together, as they must be, we are clearly justified in concluding that in order to prevent a judgment from becoming final the party intending to appeal must serve and file his motion for a new trial before the expiration of the 6 months within which an appeal must be taken. If the motion is filed before the 6 months have expired, the time for appeal is suspended for the sole reason that the finality of the judgment is suspended. It is suspended, however, only for the reason that the aggrieved party, by a motion which is sanctioned by law, and which is part of the record before the judgment has become final, has asked that the finality may be suspended until his motion can be heard and determined. When, therefore, such a motion is filed before the time for appeal has expired as provided by section 3301, the time within which to appeal is suspended by operation of law. If, however, the district court, or the judge, may extend the time for filing a motion for a new trial, then he may extend the time within which an appeal may be taken indefinitely and without any cause or reason therefor whatever. The finality of the judgment may thus be suspended through the mere caprice, whim, or generosity of the district judge. Moreover, if it may thus be extended beyond the 6 months, then we know of no legal limit beyond which it may not be so extended. A district judge would thus have the power to annul section

3301 and extend the time for appeal almost without limit. Such a holding is clearly and manifestly opposed to the due administration of law and justice. This court, therefore, should not encourage a practice which would be productive of such results, unless no other avenue of escape is open to it. To require the aggrieved party to serve and file his motion for a new trial before the judgment becomes final by lapse of time can work no hardship on him or to any one. To permit the district court or judge to extend the time within which to file a motion for a new trial up to, but not beyond, the time within which an appeal must be taken is not only in consonance with reason and common sense, but it harmonizes and gives full force and effect to our statutes and to the former decisions of this court.

We remark that while in this opinion we have used the term ''motion for a new trial'' instead of the statutory term ''notice of motion for a new trial,'' we did so for convenience merely, and not for the purpose of making any distinction between the two terms.

We are of the opinion, therefore, that in order to suspend the time within which an appeal must be taken the party intending to file a motion for a new trial must serve and file the same before the expiration of the six months mentioned in section 3301, and that neither the district court nor the judge thereof has the power or authority to grant an extension of time beyond the 6-month period aforesaid. The motion for a new trial in this case, not having been filed within such period of time, was impotent to arrest the finality of the judgment, and hence the appeal in this case was not taken within the time provided by our statute.

The motion to dismiss the appeal should therefore be, and it accordingly is, granted, and the appeal is dismissed, at the defendants' costs.

McCARTY, CORFMAN, and GIDEON, JJ., concur. THURMAN, J., being disqualified, did not participate in the disposition of this appeal,