BOARD OF TRUSTEES OF LAWRENCE COLLEGE, Respondent, v. HOFFMAN, et al. (Hoffman, Appellant.)

(182 N. W. 772.)

(File No. 4797. Opinion filed May 2, 1921.)

1. **Appeals—Appeal from Judgment More Than Year From Entry—Too Late.**

    Where an appeal to Supreme Court was not perfected until after expiration of one year from entry thereof, appeal will be dismissed as being too late.

2. **Appeals—Order Denying New Trial, After Judgment Became Final, Appellate Case on Merits—Non-jurisdiction of Trial Court to Enter Order, Dismissal of Appeal Not Proper Remedy.**

    Where judgment below had become final before date for

hearing of motion for new trial, held, (following Irwin v. See-man, 42 S. D. 574, 176 N. W. 652), that while trial court was without jurisdiction to determine such motion, yet (following Polluck v. R. R. Co., 43 S. D. 456, 180 N. W. 61), held, the instant case being here on the merits, question of jurisdiction of trial court will not be determined on motion to dismiss appeal but when case is reached on merits.

3. Appeals—Order Made Without Jurisdiction—Reversal of Order as Proper Course on Appeal.

Where the order appealed from was made after judgment had become final, and was therefore without jurisdiction in the trial court, Supreme Court will on appeal reverse the order; this being the proper practice, regardless of whether trial court made the order for want of jurisdiction or upon merits.

4. Appeals—Order Re New Trial, Result Right, Non-consideration of Reasons as Right or Wrong.

Where an order denying a new trial could properly have been denied on ground of non-jurisdiction, and when the result is right, Supreme Court will affirm, whether trial court's reasons were right or wrong.

Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

*Charles F. Tym,* for Defendant-appellant.

*Ryan & Carey,* and *Frank McNulty,* for Plaintiff-respondent.

*H. W. Adams,* for Defendant-respondent.

Action by the Board of Trustees of Lawrence College, a corporation, against Rosalie M. Hoffman and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

POLLEY, P. J. This case is here upon an appeal from the judgment and from an order denying appellant's motion for a new trial. The case is regularly on the calendar for final disposition, and printed briefs have been filed by both parties.

Respondent moves to dismiss the appeal for lack of jurisdiction of this court on the ground that the appeal was not taken within the time allowed by law:

The judgment appealed from was entered in the circuit court on the 26th day of April, 1919. Thereafter various orders were entered staying proceedings and extending the time for settling the record and moving for a new trial. The record was not settled until the 14th day of July, 1920. On the 26th day of June, 1920, appellant served an amended notice of intention to move for a new trial, and also served a notice of motion for a

new trial. This motion was heard and denied on the 15th day of July, 1920.

[1] The appeal was perfected on the 31st day of July, 1920. This was after the expiration of the year allowed for appealing from judgments, and was therefore too late, and the appeal, so far as the judgment is concerned, must be dismissed because not taken for more than a year after the entry of the judgment appealed from. Irwin v. Seeman, 42 S. D. 574, 176 N. W. 652, and cases cited.

[2] As to the appeal from the order denying a new trial a different question is presented. Under the rule announced in Irwin v. Seeman, the judgment in the circuit court had become final before the date set for the hearing of the motion for a new trial; therefore the circuit court was without jurisdiction to determine such motion, or to grant a new trial, but the appeal from the order denying a new trial was taken within 60 days after the entry of said order. This was within the time allowed by law for appealing from orders, and the appeal, so far as the order denying a new trial is concerned, will not be dismissed. The question to be determined therefore is the same as was presented in Polluck v. R. R. Co., 43 S. D. 456, 180 N. W. 61. In that case it was held that a motion to dismiss an appeal to this court because of the lack of jurisdiction of the circuit court to enter the order appealed from was not the proper remedy, and that the question of the jurisdiction of the trial court could not be determined until the case was reached on the merits. That case was here on an order to show cause why the appeal should not be dismissed, but this case is here on the merits and may be finally disposed of.

[3, 4] The trial court having been without jurisdiction to entertain the motion for a new trial, the question presented is: What is the proper order for this court to make? For reasons pointed out in Polluck v. Railroad Co., a dismissal of the appeal is not the proper remedy. In Gohl v. Bechtold et al., 37 N. D. 141, 163 N. W. 725, a case in all respects analogous to this, except that in that case the trial court had granted a new trial, the Supreme Court held that the trial court was without jurisdiction to hear the motion and reversed the order granting the new trial. This we believe to be the proper practice. It does not appear

from the record in this case whether the trial court denied the motion for new trial for want of jurisdiction or upon the merits. But that is immaterial. The application for a new trial could properly have been denied on the ground of no jurisdiction, and when the result is right we will affirm the lower court, whether its reasons are right or wrong.

The order denying a new trial should be affirmed, and it will be so ordered.