FIRST NAT. BANK OF OGDEN v. NIELSEN et al.

No. 3737. Decided June 5, 1922. 208 Pac. 522.)

APPEAL AND ERROR—MOTION FOR NEW TRIAL NOT FILED WITHIN SIX MONTHS DOES NOT SUSPEND TIME FOR APPEAL, THOUGH NOTICE OF DECISION NOT GIVEN IN TIME. Under Comp. Laws 1917, § 6980, providing that a party intending to move for a new trial must within five days after notice of decision file and serve notice of intention, and section 6982, providing that a motion for a new trial shall be heard at the earliest practical period after notice of the motion, and section 6990, giving a right of appeal from all final judgments of district courts, and section 6991, providing that an appeal may be taken within six months from the entry of the judgment, and section 7023, providing that no extension of time may be allowed by a court in filing notices of appeal, all of which statutes must be construed together, although no notice of the decision of a court trying a case was served on the losing party, where a motion for a new trial was not served and filed before the expiration

of the six months' period within which an appeal must be taken, the appeal was too late, since failure to give the losing party notice of the decision does not postpone the time to take an appeal indefinitely.[1]

Appeal from District Court, Second District, Weber County; *A. W. Agee*, Judge.

Action by the First National Bank of Ogden against Leo Nielsen and others. From judgment for plaintiff, defendant .T. G. Lowe appeals.

APPEAL DISMISSED.

*Leon Fonnesbeck* and *E. S. Chambers*, both of Logan, for appellant.

*De Vine, Howell, Stine & Gwilliam*, of Ogden, for respondent.

FRICK, J.

Plaintiff, a corporation, commenced this action against the defendants to recover judgment upon two promissory notes and a special guaranty guaranteeing the payment of said notes. The defendants filed separate answers in which various matters not material to this decision were set up. Upon a hearing to the court without a jury, in the absence of the defendants, judgment was duly entered against them, from which the defendant T. G. Lowe, hereinafter called appellant, alone appeals.

The plaintiff has interposed a motion to dismiss the appeal upon the ground that this court is without jurisdiction for the reason that the appeal was not taken within the time required by our statute.

[1] *Minneapolis T. M. Co.* v. *Fox*, 52 Utah, 101, 172 Pac. 699; *Mercantile Co.* v. *Glenn*, 6 Utah, 139, 21 Pac. 500; *Everett* v. *Jones*, 32 Utah, 489, 91 Pac. 360; *Fisher* v. *Bonneville Hotel Co.*, 55 Utah, 588, 188 Pac. 856, 12 A. L. R. 255.

Appeal from Second District

The record shows that the judgment appealed from was entered on May 15, 1918, that the appellant filed a motion for a new trial on the 13th day of September, 1921, which was denied on September 26, 1921, and that appellant served his notice of appeal on the 31st day of October, 1921. It will thus be seen that the motion for a new trial was not filed until more than three years and three months after the entering of judgment, and that the notice of appeal was not served and filed until October 31, 1921, which was more than three years and five months from the entry of the judgment. The question that confronts us, therefore, is: Was the appeal taken within the time allowed by our statute?

Plaintiff's counsel insist that the case of *Minneapolis T. M. Co.* v. *Fox,* 52 Utah, 101, 172 Pac. 699, is decisive of the question here presented. The gist of the decision in that case is clearly reflected in the headnote, which reads:

"Under Comp. Laws 1907, § 3301, providing that an appeal may only be taken within six months from entry of judgment and section 3329, prohibiting the extension of time within which an appeal may be taken, the serving and filing of a motion for new trial pursuant to extension granted by trial court more than six months after the entry of the judgment is of no effect so far as suspending the time within which judgment becomes final for purpose of appeal."

Counsel for appellant, however, contend that the decision in the case just cited is not controlling here because the record in that case disclosed that notice of the decision was duly served on opposing counsel on the day it was entered, while the record in the case at bar shows that no notice of decision was ever served on appellant or on his counsel. In this connection counsel also urge that under our statute a judgment does not become final for the purposes of appeal until the motion for a new trial, if one is filed, is denied, and hence an appeal which is taken before the motion is denied is premature. This court in an unbroken line of decisions, has held that, where a motion for a new trial has been seasonably filed, the motion suspends the finality of the judgment for the purposes of an appeal, and that, while the motion is pending and undetermined, an appeal is premature.

The question, however, is: When, under our statute, must a motion for a new trial be filed in order to suspend the finality of the judgment for the purposes of an appeal?

A proper solution of that question requires an examination of the various provisions of our statute relating to the filing of motions for new trials and the taking of appeals.

Comp. Laws Utah 1917, § 6980, provides:

"The party intending to move for a new trial must, within five days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk, and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits or upon the minutes of the court."

Section 6982, among other things, provides that the motion for a new trial, if one be filed, "shall be heard at the earliest practical period after notice of the motion," etc.

Section 6990 gives the right of appeal "from all final judgments of the district courts," which appeal, in law cases, may be taken on questions of law only, while in equity cases the appeal may be taken "on questions of both law and fact."

Section 6991 provides:

"An appeal may be taken within six months from the entry of the judgment. * * *"

In connection with the provisions of the sections we have quoted, however, there is still another section which, in our judgment, should be kept in mind, namely, section 7023, which reads as follows:

"When an act to be done as provided in this Code relates to the pleadings in the action, or the undertakings to be filed, or the justification of sureties, or the preparation, service, filing, or presentment of bills of exception, or of amendments thereto, or to the service or filing of notices other than of appeal, the time allowed by this Code may be extended, upon good cause shown, by the court in which the action is pending, or by a judge thereof."

All of the provisions of the foregoing sections should be considered and construed together.

As before stated, this court has repeatedly held that, in case a motion for a new trial is seasonably made, then, for the purposes of appeal, the entry of judgment is deemed not

to have been made until the motion, is denied. Counsel for appellant insist that in view of the language of section 6980, supra, if a case is tried to the court without a jury, the motion for a new trial is timely if it is filed "within five days * * * after notice of the decision." In view, therefore, that in the case at bar no notice of decision was served upon the appellant or upon his counsel, they say that by reason of that fact the time for filing a motion for a new trial was permitted to remain suspended indefinitely, and hence they had a right to file such a motion at any time, and, if that be so, then the time for taking an appeal was also suspended until their motion for a new trial was denied, which event did not occur until the 26th day of September, 1921, or only a few days more than one month before the notice of appeal was served. For the reason last above stated, counsel contend that the motion for a new trial was seasonably filed, and that therefore the appeal was taken within the time required by our statute.

If the foregoing contention is sound, then the motion to dismiss the appeal should be denied.

We have no statutory provision requiring a notice of decision to be served upon anyone. Appellant's counsel, however, rely upon the case of *Mercantile Co.* v. *Glenn*, 6 Utah, 139, 21 Pac. 500, and on *Everett* v. *Jones*, 32 Utah, 489, 91 Pac. 360, as sustaining their contention that the losing party is not required to file his motion for a new trial unless and until he is served with notice of the decision. In the case first cited it was held that the statutory time for filing an answer did not begin to run until the defendant was served with notice of the decision overruling his demurrer. In *Everett* v. *Jones* it was held that, where a judgment was entered on the 29th day of December, 1904, and no notice of decisions was served, a motion for a new trial was seasonably served and filed although it was not served and filed until the 16th day of January, 1905, or about 17 days after the judgment was entered. The latter decision is based upon the case of *Mercantile Co.* v. *Glenn*, supra. While it is true that in those cases it was held that the defendant was not required to move

until he was served with notice of decision, yet in neither of those cases was the question here presented either discussed or decided. In the case at bar it becomes necessary, therefore, to determine the effect of the several sections of our statute to which we have referred, all of which have some relation to and bearing upon the question here involved.

As we read and construe the provisions of section 6980, they mean simply this: That if the prevailing party to an action desires a speedy determination of further possible proceedings in the action, he may, immediately after the decision is entered, serve his adversary with notice thereof, and may thus compel the latter to serve notice of his motion for a new trial within the five-day period given by the statute, or within that time to obtain an extension of time as provided in section 7023, supra. If, therefore, a notice of decision is served, the defendant "must within five days" act as required by section 6980 or lose his right to move for a new trial. If, however, no such notice is served, he need not act within the five-day period. The question, however, is: May he remain inactive for an indefinite time and beyond the limit of time within which he is required to take an appeal as provided in section 6991? We think not. If such were the law, then there would be no limit of time within which an appeal must be taken in an action tried to the court unless the successful party served his adversary with notice of decision. If we keep in mind all of the provisions of our statute, such a result is manifestly not contemplated. The time for taking an appeal is unconditionally fixed by section 6991, and by the express provision of section 7023 that time may not be extended. True, as before stated, this court has construed section 6991 so as to permit an appeal after a motion for a new trial is denied. It has, however, never held that the time for taking an appeal may be indefinitely extended by the failure to give notice of decision. This court has, however, squarely held in *Minneapolis T. M. Co.* v. *Fox,* supra, that the court is powerless to extend the time for filing a motion for a new trial beyond the time limit within which an appeal must be taken. To the same effect is the case of *Fisher* v. *Bonneville Hotel Co.,* 55 Utah, 588, 188 Pac. 856, 12 A. L.

R. 255, although the question was not directly involved in that case as it is in the case at bar. If the court is powerless to extend the time within which an appeal must be taken, how can the parties to an action, or either of them, bring about that result by mere inaction? It must also be kept in mind that the language of section 6980 is imperative. It requires a party who desires to file a motion for a new trial to act within the five-day period therein provided for. True, if notice of the decision is not given, he may delay action in filing his motion for a new trial, but that does not give him the right to delay the appeal beyond the time limit given him in section 6991. If such were the case, that section would not be given any effect in certain cases when it is clear that it is intended to apply in all cases, except by construction it has been held to permit appeals from the overruling of motions for new trials when such motions are seasonably filed; that is, if filed within the statutory time or within a proper extension of that time, but in no event later than six months from the overruling of the motion for a new trial. Such construction was given section 6991 so as to give the party desiring to appeal the right of appeal after his motion for a new trial was determined against him. It was not intended thereby, however, to extend the time for taking an appeal where the motion for a new trial was not seasonably interposed. To so construe the provisions of our statute not only gives force and effect to all of them, but it effectuates the manifest purpose of those provisions in that it expedites appeals and accelerates the administration of justice. If the construction that counsel for appellant contend for should prevail, then there would be no limit whatever within which a motion for a new trial must be filed, and hence no limit within which an appeal might be taken. Moreover, it would leave the whole procedure with respect to filing motions for new trial subject to the mere failure to give notice of decision when it is clear that that provision was intended merely to give the prevailing party the right to compel speedy action on the part of his adversary; that is, to compel the latter to act forthwith.

This precise question was recently before both the appel-

late court and the Supreme Court of California. In the case of *Bates* v. *Ransome-Crummey Co.*, 42 Cal. App. 699, 184 Pac. 39, the California Court of Appeals, First District, considered the question here presented, and it was there held that, although the time for serving notice of motion for a new trial depended upon the service of notice of decision, nevertheless the time for taking an appeal is not suspended by the failure to serve notice of the decision. It is further held that a party desiring to file a motion for a new trial must file the same before the time for taking an appeal has elapsed, and, if he fails to do so, the motion is of no effect for the reason that it is filed too late. The Supreme Court of California affirmed the holding of the Court of Appeal in 196 Pac. 487. Indeed, there are a number of very recent California decisions which are to the same effect. Counsel for appellant seek to distinguish the California decisions from the case at bar, however, upon the ground that those decisions are based upon the California statute, which, they assert, was adopted in 1915. While it is true that the California statute was amended in 1915 (St. 1915, p. 205), yet it is also true that the amendment in effect merely makes the California statute conform to the provisions of our statute as we have quoted them. Prior to the amendment of the California statute in 1915 appeals could be taken from both the order denying a motion for a new trial and from the final judgment in a case. In case a party desired to appeal from the order denying his motion for a new trial, he was always in time if his appeal was taken within the time allowed for taking the appeal from such order, and he could suspend action until notice of decision was served upon him. Under the amendment of 1915, however, appeals can only be taken from a final judgment, and hence it is held that an appeal must be taken within the time allowed for taking such appeals, and, if notice of motion for a new trial is not filed within the time that an appeal may be taken, the motion cannot suspend the time within which an appeal must be taken. In other words, it is held that, if a party desires to file a motion for a new trial, he must do so before the time for taking an appeal has elapsed or his appeal will be too late and in-

effective.   The doctrine is well illustrated by the Supreme Court of South Dakota in the case of *Board of Trustees* v. *Hoffman,* 182 N. W. 772, where appeals may be taken from both the order denying the motion for a new trial and from the final judgment.

Counsel for appellant cite and rely upon the note found in 3 Ann. Cas. 630, where the annotator refers to the Utah decisions and states that in this jurisdiction, according to those decisions the filing of a motion for a new trial suspends the finalty of the judgment for the purposes of an appeal.   The annotator is, however, careful to state that such is the case only where the motion for a new trial is "seasonably made." As a matter of course, the question of when a motion is seasonably made is not there considered.   Indeed, that precise question was not raised until the case of *Minneapolis T. M. Co.* v. *Fox* was presented to this court.   That case differs from the one at bar only in that there a notice of decision was served while here such was not done.   That fact, standing alone, however, cannot affect the question of jurisdiction, unless it were held that all the provisions of our statute shall be ignored except the single one which gives the losing party five days after service of notice of decision within which to file his motion for a new trial.   That, as we have attempted to show, would necessarily result in ignoring all other statutory provisions relating to appeals.

We are forced to the conclusion, therefore, that although no notice of decision is served, yet, unless a motion for a new trial is served and filed before the expiration of the six months' period within which an appeal must be taken, the motion comes too late, and that in such a case, unless the notice of appeal is served and filed within six months from the entry of judgment, the appeal is without force or effect, and this court is without jurisdiction to entertain the same. It follows, therefore that the motion to dismiss the appeal should be, and it accordingly is, sustained, and the appeal is dismissed at appellant's cost.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.