B. DARGER AND OTHERS, RESPONDENTS, *v.* ST. V. LE SIEUR, APPELLANT.

MINING CLAIM.—NOTICE OF LOCATION.—INSUFFICIENT DESCRIPTION.—A location notice which described the claim as being "1,500 feet in length on this ledge of shale and wax and three hundred feet on each side of the center of location. We claim three hundred feet running east and twelve hundred feet running west from the monument. * * * This ledge is situated up near the head of the right hand fork of 'Tie Canyon,' about five miles from the Denver & Rio Grande Railroad, in Utah County, Utah Territory, and shall be known as the 'Belcher Lode,'" and signed by the locators and dated, does not sufficiently describe the ground under § 2324 Rev. Stat. U. S.

MINES AND MINING CLAIMS —POSSESSION.—INSTRUCTION.—The court instructed in a suit in regard to the ownership of a mining claim, where the defendant disclaimed possession of the claims claimed by the plaintiffs, that "the question for you to determine is whether the defendant claims the same ground as the plaintiffs claim. If so your verdict must be for the plaintiff;" *held* erroneous as ignoring the acts necessary to make a valid location and the doing of assessment work.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial.

The defendant's answer denied the ouster and denied that he had ever entered into the possession of the property described in the complaint, or that he ever withheld the possession thereof from the plaintiffs. The charge of the court to the jury was as follows:

"Under the proof in this case, the only question to be submitted to the jury is, whether the defendant is in possession or is making any claim to the property of these

plaintiffs. The defendant denies possession. If he is not in possession of this ground. and sets up no claim to it, the plaintiff had no business to sue him and bring him into court and make him pay costs. So, the question of fact for you to determine is, whether the defendant claims the same ground that the plaintiffs claim. If he claims the same ground that the plaintiffs claim, then your verdict should be against the defendant. In your verdict you must describe the claims, so as to determine whether he is entitled to recover. Retire with your bailiff."

Subsequently the jury returned into court and asked for further instructions and the court repeated the instruction already given.

*Messrs. Brown and Henderson,* for the appellant.

*Messrs. Kellogg and Corfman,* for the respondents.

ANDERSON, J.:

The plaintiffs brought this action against the defendant to recover the possession of six mining claims. The complaint alleged that the plaintiffs discovered mineral in place in each of the claims, and made the locations in June, 1888; that they erected a monument on each claim near the point of discovery, and placed thereon a notice of location, giving date of location, names of locations, description of the claim, and the names of the locators; that measurements were made in accordance with the notice and posts erected at each corner, as required by law; that in July, 1888, a copy of each notice of location was recorded in the records of Utah county, the county in which the claims are situated; that the claims are contiguous to each other; that the assessment work for the year 1889 was done, and that in 1890 plaintiffs began

11

to do the work for that year, but were wrongfully ousted from the possession of the claims by the defendant, who continued to hold possession of them thereafter; that the claims are on unsurveyed public lands of the United States, and not within any mining district. One of the claims, called the "Mary Bell Lode," in the complaint is described as "situated about five miles from the Denver & Rio Grande Railroad track, up what is known as 'Tie Canyon,' near the head of the right-hand fork, in Utah county, Utah Territory, and said claim extends 300 feet on each side of the center of location, 400 feet running west, and 1,100 feet running east, from the monument thereon." The description of each of the other claims was exactly the same, except the name of the claim, and the number of feet it extended east and west from point of discovery. The complaint prayed for restitution of the claims and for damages. The answer of the defendant denied specifically each allegation of the complaint, and alleged that the defendant was the owner and in possession and entitled to the possession of six mining claims, named, respectively, the Le Sieur lode No. 1 to the Le Sieur lode No. 6 inclusive, "situated four miles due north of the Rio Grande Western Railway track, at the point where the said railway passes the mouth of Tie Fork of Spanish Fork canyon, and also situated north, 10 deg. E., and distant 10.14 miles from the house on Olsen's ranch, which is in Tie Fork canyon;" that said claims were duly located in accordance with the laws of the United States and of the Territory of Utah upon unoccupied and unsurveyed public lands of the United States, and comprise 20 acres each, or 120 acres in the aggregate. The case was tried to the court and jury, and a verdict and judgment were rendered in favor of the plaintiffs, and the defendant brings this appeal from the judgment and from the order overruling defendant's motion for a new trial.

At the trial the plaintiffs introduced in evidence the notices of location for each of the claims claimed by them, against the objection of the defendant. The notices were all exactly alike, except as to the name of the lode, and as to the number of feet east and west from the monument. The following is a copy of one of the location notices: "Notice of Location. This is to certify that we, the undersigned, have this day located and claim 1,500 feet in length on this ledge of shale and wax, and three hundred feet on each side of the center of location. We claim three hundred feet running east and 1,200 feet running west from monument. We claim all the privileges granted to miners by the laws of the United States and the Territory of Utah. This ledge is situated up near the head of the right-hand fork of what is known as 'Tie Canyon,' about five miles from the Denver & Rio Grande Railroad, in Utah county, Utah Territory, and shall be known as the 'Belcher Lode.' Located June 24, 1888, by B. Darger, J. R. Miller, Peter Stubbs, James Dunn, Mary A. Lewis." We think the court erred in admitting in evidence plaintiff's location notices. They are fatally defective, and valid locations cannot be made under them. Section 2324 Rev. St. U. S., requires that there must be such a description of the claim located by reference to some "natural object or permanent monument as will identify it. Assuming, although it was not proven at the trial, that the Denver & Rio Grande Railway had a track in Utah county, an officer armed with a writ of restitution under the verdict and judgment could not, from the description given, put plaintiffs in possession of their claims. They are described as being about five miles from the railroad track, but in what direction, or from what point on the railroad, is not stated. "About five miles" from a railroad is very indefinite as to distance. It might possibly be but four or four and a half miles, or it might be five and one-half

or even six miles. They are described as being "up near the head of the right-hand fork of Tie Canyon." The head of the fork of a canyon is a very indefinite and uncertain locality, but these claims are described as not at, but only near, the head of the canyon, but in what direction, or how far away, is left to conjecture. Each of these six claims comprises a little over 20 acres of land, or something over 120 acres in all, and yet they are all described as being located in the same place. If these claims are contiguous to each other, and adjoin at the ends, they would make a strip of land 600 feet wide, and nearly a mile and three quarters in length. But, however they may be located as to each other, it will readily be seen how they could be swung around so as to cover any piece of ground sought to be taken by any one else within a radius of several miles. We think the descriptions in the locations are not such as is required by the statute. *Drummond* v. *Long* (Colo. Sup.), 13 Pac. Rep. 543; *Faxon* v. *Barnard,* 4 Fed. Rep. 702; *Mining Co.* v. *Drake* (Colo. Sup.), 9 Pac. Rep. 787.

The court instructed the jury that "the question for you to determine is whether the defendant claims the same ground that the plaintiffs claim. If he claims the same ground that the plaintiffs claim, then your verdict should be against the defendant." The giving of this instruction was error. Under it the jury was not permitted to determine whether or not the plaintiffs had done any of the acts required to make a valid location of a mining claim, or whether they had done the annual assessment work on the locations, in order to keep them good, and not subject to relocation. It took from the jury the determination of every question involved in the case except as to whether there was a conflict between the locations as claimed by plaintiffs and those claimed by the defendant; and as to this issue the jury was told that, if there was a conflict, their verdict should be in

favor of the plaintiffs. The judgment of the district court is reversed, and a new trial granted.

ZANE, C. J., and MINER, J., concurred.