## FEE v. NATIONAL BANK OF THE REPUBLIC.

No. 2049.   Decided January 4, 1910 (106 Pac. 517).

1. BANKS AND BANKING—ACTIONS FOR DEPOSITS—PLEADING—ISSUES. Where the complaint alleged that defendant bank received on deposit, on April 16, 1908, the sum of $1077.62, which it agreed to repay on demand, but refused to do so, and the answer alleged that defendant received on the date alleged in the complaint the sum of $2227.62, and paid to plaintiff on his check on a date thereafter the sum of $1150, and on a subsequent date paid to him on his check the sum of $1075, leaving a balance of $2.62, the only issue was whether defendant had paid to plaintiff or his order the sum of $1075.   (Page 31.)

2. JUDGMENT—CONFORMITY TO ISSUES—WITHDRAWAL OF ISSUES.   In an action against a bank for a deposit, defendant's counsel, by stating that, if the court found that plaintiff's signature to the canceled check for the amount claimed by plaintiff was genuine, judgment should be entered for plaintiff only in the sum defendant claimed was due, agreed to the elimination of all issues other than the genuineness of the check, and hence judgment was properly given plaintiff for the amount claimed upon finding against the genuineness of the signature.   (Page 31.)

3. APPEAL AND ERROR — PRESENTATION BELOW — ISSUES NOT PRESENTED.   Where the trial court, at appellant's request, passed upon but one issue in rendering judgment, the Supreme Court cannot pass upon other issues not considered, or requested to be considered, below.   (Page 32.)

4. APPEAL AND ERROR—DISCRETION OF TRIAL COURT—EXAMINATION OF WITNESSES—INSPECTION OF DOCUMENTS.   It was within the trial court's discretion to permit a witness to examine an instrument to which his alleged signature was attached before stating whether his signature was genuine; and its ruling will not be disturbed on appeal, in absence of a prejudicial abuse of discretion.   (Page 33.)

5. APPEAL AND ERROR—FINDINGS—CONCLUSIVENESS. Where the judgment is based upon findings supported by sufficient evidence, the Supreme Court cannot reverse, though it might make different findings from the evidence contained in the record. (Page 34.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Dennis Fee against the National Bank of the Republic.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Soren X. Christensen* and *Howat & Macmillan* for appellant.

*Thompson & Gibson* for respondent.

FRICK, J.

On May 21, 1908, respondent herein filed his complaint in the district court of Salt Lake County, in which he in effect alleged that on the 16th day of April, 1908, the appellant herein had received from respondent the sum of $1077.62 for his use, and that said appellant had agreed to pay the same to respondent upon demand, that before the bringing of this action respondent demanded from appellant said sum of money, and that said appellant refused to pay the same to respondent. Appellant answered the complaint, and, after denying respondent's version of the transaction, stated the facts to be substantially as follows: That on the 16th day of April, 1908, appellant received from respondent the sum of $2227.62, which appellant agreed to pay respondent on demand; "that on the 20th day of April, 1908, the defendant paid to the plaintiff on his check the sum of $1150; that on the 24th day of April, 1908, the defendant paid to the plaintiff on his check the sum of $1075; that there is still due to the plaintiff the sum of $2.62, which the defendant is now, and at all times herein

mentioned has been, ready and willing to pay to the plaintiff on his demand." Upon these pleadings the case was tried to the court without a jury. At the trial the facts adduced on the part of respondent were, in substance, as follows: Respondent produced a deposit slip issued by appellant, from which it appears that respondent, on April 16, 1908, deposited with appellant the sum of $2230.87; that on April 20, 1908, respondent's check, drawn against said account for $1150, was presented and duly paid by appellant; that on May 4, 1908, respondent drew another check against said account for the sum of $1077.62, and presented the same to appellant for payment, and that payment thereof was refused upon the ground that respondent had no money in the bank except the sum of about $2.60; that at the time respondent presented the second check for payment appellant gave him a statement from which it appeared that respondent had actually deposited with appellant the sum of $2230.87; that appellant had paid out on checks drawn against said account the sum of $2228.25, leaving a balance of $2.62 due respondent. The respondent denied that he drew, or presented, or authorized any one to draw or present for payment, any check or checks drawn against said account, except the check for the sum of $1150. On cross-examination respondent was shown a certain check to which his name was signed, dated April 23, 1908, for the sum of $1075, payable to the order of P. H. O'Neill, and which was paid by appellant April 24, 1908. Respondent denied that the signature to the check aforesaid was his signature, and stated, in substance, that the appellant had paid the same without authority. All the checks which appellant claimed were drawn on respondent's account, and which it had paid, and the signature of respondent which he had left with the appellant, as well as other genuine signatures, were admitted in evidence, and all were before the court for comparison. For reasons hereinafter stated we shall not refer to the other evidence, of which there is considerable in the record. Upon substantially the foregoing evidence the court in substance found that the appellant

had received from the respondent for his use the sum of money as alleged in the complaint, that respondent had demanded the same from appellant, and that appellant had refused to pay the same, or any part thereof, to the respondent. As a conclusion of law the court found that the appellant owed respondent such sum of money, and rendered judgment accordingly.

Among other assignments of error the appellant insists that the court erred in finding that appellant had not paid, either to respondent or to his order, the sum of $1075, the amount of the check dated April 23, 1908. It is contended that this finding is not supported by the evidence, and is contrary thereto. In view of the pleadings the issue between the parties was very narrow. The only question for the court to pass on was whether appellant had in fact paid the respondent or to his order the sum in controversy, namely, the $1075. It seems that at the trial the question of whether such payment was made was thought to depend entirely on whether the check for $1075 was genuine or not. This at least was the theory of counsel who represented appellant at the trial, as clearly appears from his own statement, which is incorporated into and made a part of the bill of exceptions. Counsel there said that, if the court found for the appellant "on the question of the genuineness of the signature of Dennis Fee, . . . judgment should be entered in favor of plaintiff in the sum of $2.62, with interest and costs of suit." Counsel for appellant thus, in effect, told the court that, if the court found that the check for $1075 was genuine, then appellant was entitled to a credit for said amount on the gross amount deposited which it had admitted it had received from respondent, and under such finding respondent would still be entitled to a judgment for $2.62, the balance remaining on deposit with appellant. Counsel thus asked the court to make appellant's liability depend upon the genuineness of the signature to the check, and upon nothing else. The court thus eliminated all other questions, and, having found that the check was not genuine, could

not have found otherwise than he did, namely, that appellant had not paid respondent the $1075, because if it was not paid on that check, there is no pretense that it was paid at all. The only question, therefore, is: Is there any substantial evidence in the record in support of the finding that counsel attacks?

We think that, in view of the evidence and the circumstances to which we have referred, it is clear that there is substantial evidence in support of the finding that appellant did not pay respondent on his demand the sum of $1075 represented by the check aforesaid. It is true that there is considerable evidence in the record which, as appellant contends, tends to show that respondent authorized the drawing and issuing of the check to which respondent's name was signed without his authority, as the court found. There is also some evidence tending to show that respondent was guilty of a lack of diligence in failing to notify appellant not to honor or pay the check dated April 23, 1908. Appellant now urges that we pass upon those questions, and insists that the findings and judgment ought to have been in favor of appellant, in view of the state of the evidence upon those questions. These matters were, however, not submitted to the trial court. As we have seen, the pleadings presented but one issue, and that was whether appellant had on respondent's demand paid him the sum of $1075. The amount of the deposit and the fact that one check for $1150 had been paid were admitted. If we should assume, therefore, that under the issues presented by the pleadings the court should have passed upon two propositions (1) whether the check was genuine—that is, whether it was signed by respondent—and (2) if not signed by him, whether he nevertheless permitted the same to be issued, presented for payment, and paid, when he could have prevented such a result, yet, in view of the only question which counsel for appellant asked the trial court to pass on, and which it did, we are not authorized to pass upon the second proposition stated above, for the reason that the trial court did not pass upon it and was not asked to do so, but the

court was asked to and did make the liability of appellant depend upon the genuineness of the signature to the check dated April 23, 1908. If counsel had no confidence in the evidence adduced in support of the second proposition, why should the court have considered it? The findings responded to the issues as presented by the pleadings, and, in view of counsel's statement to the court, they also covered all questions raised by the evidence. This is all appellant can insist upon, and this is especially so in view of the fact that appellant did not request any findings upon the collateral questions which it now urges should be passed upon. The most that can be said with regard to the appellant's contentions relative to the findings is that appellant has changed counsel, and that it has also changed the theory upon which the case was presented to the trial court. What we have said with regard to the finding already discussed applies with equal force to the other findings attacked.

Another assignment relates to an alleged error committed by the court in permitting the respondent, while testifying as a witness in his own behalf, to examine the whole writing before he was required to answer whether **4** or not it was his signature that was attached thereto. Counsel contend that the court should have required the witness to state whether this signature was his or not from a mere inspection of the signature, and should not have permitted the witness to examine or inspect the whole writing before requiring him to answer the question. We think the procedure of examining witnesses under the circumstances above detailed is within the sound discretion of the trial court. There is nothing made to appear in this case from which we can determine that the trial court abused the discretion vested in it. The assignment, therefore, cannot be sustained. Further, we are clearly of the opinion that no prejudicial error is made to appear. What we have said with regard to the last assignment applies with equal, if not greater, force to all other assignments relating to the admission or exclusion of evidence.

We remark, in conclusion, that even though we were inclined to arrive at a different conclusion from that arrived at by the trial court from a mere inspection of the record, this would not be enough to authorize us to reverse the judgment, in view that it is based upon findings which are supported by sufficient evidence.

The judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.