# PROGRESS SPINNING & KNITTING CO. v. DIXIE FIRE INSURANCE CO.

No. 2431.  Decided July 30, 1913 (134 Pac. 1166).

1. APPEAL AND ERROR—TIME TO APPEAL—MOTION FOR NEW TRIAL. The six months allowed in which to appeal dates from the denial of the motion for new trial, if notice of such motion is filed and served, as required by Comp. Laws 1907, sec. 3294, within five days after the verdict in a jury case; but where the notice is not served· and filed in time, the time to appeal dates from the judgment.   (Page 304.)

2. APPEAL AND ERROR—PRESUMPTIONS—NOTICE OF MOTION FOR NEW TRIAL.  Where an appeal was taken within six months after the order denying a new trial but not the judgment, and the record shows that notice of the motion for a new trial was not given in time, making the time to appeal date from the judgment, there is no presumption that the court extended the time to give notice of the motion for a new trial.   (Page 305.)

3. APPEAL AND ERROR—TIME TO APPEAL—MOTION FOR NEW TRIAL. Where the notice of motion for a new trial is not given within the time prescribed by Comp. Laws 1907, sec. 3294, an extension of time to give such notice must be made before the expiration of the statutory time, in order to make the time to appeal date from the order denying a new trial.[1]   (Page 306.)

4. APPEAL AND ERROR—TIME FOR APPEAL—RECITALS IN RECORD— DISMISSAL.  Where the record affirmatively shows that the appeal was not taken in time, in the absence of a showing that for some good and sufficient reason the appeal was nevertheless taken in time, the facts given in the record are controlling, and the appeal must be dismissed.[2]  .(Page 306.)

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Progress Spinning & Knitting Company against the Dixie Fire Insurance Company.

Judgment for plaintiff.  Defendant appeals.

---

[1] Felt v. Cook, 31 Utah, 299, 87 Pac. 1092.
[2] Insurance Agency v. Investment Co., 35 Utah, 542, 101 Pac. 699.

APPEAL DISMISSED.

*Soren X. Christensen,* and *D. O. Willey* for appellant.

*Stewart, Stewart & Alexander,* for respondent.

FRICK, J.

This is an action upon a policy of insurance to recover loss by fire. The respondent has interposed a motion to dismiss the appeal upon various grounds, one of which is that this court is without jurisdiction, because the appeal was not filed within the time required by our statute. The record discloses the following facts:

That the jury returned a verdict for respondent on the 24th day of October, 1911; that judgment was entered on the verdict on the same day; that appellant served and filed its notice of intention to move for a new trial on the 20th day thereafter, to wit, on the 13th day of November, 1911; that the motion for a new trial was denied on April 27, 1912; and that notice of appeal was served on the 14th day of October, 1912.

By merely having recourse to the date on which the motion for a new trial was denied and the date on which the notice of an appeal was served, it appears that the latter notice was filed within six months after the motion for a new trial was disposed of, at which time, if the notice of intention to move for a new trial was filed in time, the six months within which the appeal must be taken in this jurisdiction began to run. This is conceded by respondent's counsel; but in answer thereto they contend that the record shows that the appeal was, nevertheless, not taken in time. In this connection counsel insist that the record affirmatively shows that the notice of intention to move for a new trial was not served or filed within the time required by statute, and hence the notice served and filed in this case was impotent, and could not extend the time within which to appeal.

In referring to the order denying the motion for a new trial, which order, by Comp. Laws 1907, section 3197, as amended by Laws Utah 1911, p. 136, is now a part of the judgment roll, we observe that no reason whatever is stated therein why the motion for a new trial was denied. For aught that is made to appear, it may have been denied because it was not filed within the time fixed by the statute. Comp. Laws 1907, section 3294. That section, in case of trial to a jury, provides that "the party intending to move for a new trial must within five days after the verdict of the jury . . . file with the clerk and serve upon the adverse party a notice of intention" to move for a new trial, designating therein the grounds upon which he relies. The record, therefore, affirmatively shows that the notice of intention to move for a new trial was not served and filed within the time required by statute. In view of this the notice that was served and filed in this case could not have the effect of extending the time for appeal, which expired six months from the 24th day of October, 1911, to wit, on the 25th day of April, 1912, or nearly six months before this appeal was in fact taken.

But counsel for appellant contend that the trial court had the power to extend the time within which to file the notice of intention to move for a new trial, and that we should assume that it had exercised such power. Unfortunately for appellant such is not the law. Where **2** upon the face of the record it appears that an appeal is taken after the time allowed by the statute, it devolves upon the appellant to show that it has a legal right to invoke the jurisdiction of this court for some good and sufficient reason. This it could do by showing that the time within which the filing of notice of intention to move for a new trial was, within apt time, extended by the trial court, by making an order to that effect within the time allowed by statute, and by making such an order a part of the record on appeal. If the record in this case disclosed that an order extending the time had been made by the trial court, we could then de-

termine whether it was made within such time that it would have the effect of extending the time within which an appeal might be taken.

In passing upon this identical question in a somewhat different form, Mr. Justice Straup, in *Felt v.*          **3.** *Cook,* 31 Utah, 299, 87 Pac. 1092, said:

"Failing to show that an application or showing was made for leave to file a motion for a new trial, and failing to show that the application was made within the time allowed by the statute, the appellant was not in position to invoke the jurisdiction of the court to entertain the motion."

If, therefore, the notice of intention was not served within time, the trial court was without power to extend the time for appeal.

The record in this case, therefore, affirmatively shows that the appeal was not taken in time, and, in the absence of a showing that for some good and sufficient reason the appeal was, nevertheless, taken in time, the dates          **4.** given in the record are controlling. (*Insurance Agency v. Investment Co.,* 35 Utah, 542, 101 Pac. 699.) This case is therefore controlled by the ruling of *Felt v. Cook, supra,* under which ruling the appeal cannot be sustained.

It follows that the appeal should be, and it accordingly is, dismissed. Costs to respondent.

McCARTY, C. J., and STRAUP, J., concur.