SORENSON v. KORSGAARD et ux.

No. 5129.   Decided December 4, 1933.   (27 P. [2d] 439.)

*C. E. Norton,* of Salt Lake City, for appellants.

*King & King* and *J. F. Tobin,* all of Salt Lake City, for respondent.

MOFFAT, J.

As this matter comes to this court on appeal, the facts are interesting, and, were they open for consideration by this court, might be important, one of the alleged causes of action, seeking equitable relief. Clearness will be aided by the chronology of procedure, stating only such facts as may appear relevant.

The complaint was filed August 1, 1929. It contains two alleged causes of action. The first cause of action is for

money loaned. The second cause of action seeks to recover money alleged to have been intrusted by plaintiff to defendants for the purchase of real property, or the property itself which defendants purchased with the money so intrusted, and title to which defendants took in their own names. Aside from the allegations found in the pleadings, such facts as are set forth herein relating to the main action we have obtained from the statements of counsel in their briefs and the findings. There is no transcript of evidence or bill of exceptions of the principal trial. There is a brief transcript, certified and settled in a limited and qualified way, relating to the ancillary or occupying claimant's action; but containing none of the testimony of the principal trial held October 18, 1929. August 12, 1929, a demurrer was filed; also a separate answer of Christ Korsgaard. October 5, 1929, the demurrer was overruled. October 15, 1929, defendant Mrs. Christ Korsgaard filed her answer. October 18, 1929, case came on for trial. Minute entry showed: "Plaintiff's counsel asks and is given permission to amend plaintiff's complaint by interlineation." No interlineation or amendment appears to have been made. Evidence was presented and counsel given time to file written arguments. November 30, 1929, written memorandum of the trial court's decision filed. December 10, 1929, findings of fact, conclusions of law, and judgment or decree were signed by the court and filed with the clerk, and defendants' objections thereto were also filed.

Notice of entry of judgment was served the same day and filed December 12, 1929. Notice and tender of deed by defendants; motion for modification of findings, conclusions, and decree; and motion for a new trial and affidavit filed December 14, 1929. Motion to strike defendants' motion for modification, etc., filed December 20, 1929. December 21, 1929, motion for new trial, etc., argued and taken under advisement. December 26, 1929, defendants' "petition as occupying claimants" filed. February 14, 1930, entered and filed order of trial court: "New trial denied," "motion to

modify findings and decree denied." "Defendants may present by proper pleadings a petition showing what, if any, improvements of a permanent kind were made in good faith." February 18, 1930, petition as "Occupying Claimants" filed. February 15, 1930, notice of denial of motion for a new trial and modification of findings (in main action) served, and on February 18, 1930, filed. March 13, 1930, answer to petition of occupying claimants filed. May 10, 1930, the court entered an order denying relief as occupying claimants. May 10, 1930, trial court entered order, "Plaintiff is given leave to amend his complaint." May 21, 1930, amendment to complaint filed. May 20, 1930, notice of appeal served and May 21, 1930, filed with the clerk. June 6, 1930, time to file bill of exceptions extended to June 20, 1930. June 17, 1930, objection to settlement of proposed bill of exceptions filed. June 20, 1930, time to settle bill of exceptions extended to June 30, 1930. September 16, 1930, motion of defendants to vacate former decisions and for a new trial. September 15, 1930, impecunious affidavit of defendants filed. December 1, 1930, entered order denying motion for new trial and to vacate former judgment. December 6, 1930, findings of fact, conclusions of law, and judgment against defendants as occupying claimants and dismissing same entered and filed. December 8, 1930, defendants served and filed notice of appeal as follows:

"That the defendants hereby appeal to the Supreme Court of the State of Utah from all of the judgments and orders made and entered in said court and cause in favor of the plaintiff and against the defendants, and particularly the judgment and orders of said district court awarding the premises at 1028 West 5th South Street to the plaintiff and as entered December 10, 1929; the order of February 14, 1930, May 10, 1930, and December 1, 1930, and the final judgment entered December 7, 1930, in favor of said plaintiff and against said defendants as shown by said records, and from the whole thereof, upon all questions of law and fact."

We have fully set out the proceedings in order that the discussion of pertinent matters may be made by reference thereto, and that matters may be referred to and understood

which because of the record we are precluded from passing upon.

Respondent has filed his motion to dismiss the appeal in so far as the appeal relates to the judgment and decree of the court entered on the 10th day of December, 1929, on the ground the appeal was not taken within six months of the entry of the judgment appealed from. As above indicated, the notice of this appeal was served and filed on the 8th day of December, 1930, or one year and two days after the entry of the judgment appealed from as shown by the record and notice of appeal.

"An appeal may be taken within six months from the entry of the judgment or order appealed from." Comp. Laws Utah 1917, § 6991.

"The time within which an appeal may be taken is jurisdictional, and may not be extended by agreement or otherwise. The only means by which the time within which a judgment becomes final for the purposes of an appeal may be suspended is by serving and filing a motion for a new trial" (or in the language of the statute, "an application for a new trial" Comp. Laws Utah 1917, § 6979), or "notice of his intention" (Comp. Laws Utah 1917, § 6980). *Minneapolis Threshing Machine Co.* v. *Fox,* 52 Utah 101, 172 P. 699, 700; *Everett* v. *Jones,* 32 Utah 489, 91 P. 360.

Defendants filed their motion for a new trial on the 14th day of December, 1929, which was within the five-day period provided by Comp. Laws Utah 1917, § 6980. On the 14th day of February, 1930, the trial court entered its order denying the motion for a new trial. Appellants' time for filing notice of appeal began to run from that date, so that, taking this later date, the notice of appeal was still not within time.

Motions to modify findings, vacate the judgment, and application to present claim as occupying claimants were filed, and proceedings had thereon; none of them, however, could stay the running of the time within which to appeal. This judgment of December 10, 1929, was a final, and

therefore appealable, judgment. *Minneapolis Threshing Mach. Co.* v. *Fox*, supra. On May 20, 1930, a notice of appeal was served, and on the 21st it was filed. This notice seems to have been abandoned. Whether abandoned or not, it was ineffective to review the evidence, as there was no bill of exceptions prepared, settled, or filed, and the time for doing so was permitted to lapse June 30, 1930. We are therefore powerless to review the judgment entered by the court on the 10th day of December, 1929, or any of the proceedings pertaining thereto other than from the judgment roll had the appeal been perfected in time. We cannot pass upon the merits of defendants' demurrer in this proceeding, meritorious though it might have been.

We are for the same reasons precluded from reviewing the sufficiency of the complaint. That the description of the property referred to in the second cause of action is insufficient for relief by specific performance as it appears in the complaint, viz., "No. 1026 West 5th South Street," is manifest. This is not an action for specific performance; on that aspect of the case it is an action to complete the execution of a trust. There is argument that the inadequacy of the alleged second cause of action was aggravated by the fact that the actual property was not No. 1026 but No. 1028 West Fifth South street. The difficulty arises out of the prayer of the second cause of action rather than out of the allegations. The allegations of the first cause of action are good as against a general demurrer upon a count for money loaned. Likewise the allegations of the second cause of action are good upon a count for money had and received for the use and benefit of the plaintiff, and therefore good as against a general demurrer. The allegations of the second cause of action are not good if relied upon for a cause of action for specific performance. *Darger* v. *Le Sieur*, 8 Utah 160, 30 P. 363. The record, however, discloses that the plaintiff without objection at the opening of the trial was given permission to amend by interlineation; it also appears from the findings that the property in ques-

tion was properly described. What the proposed amendment was does not appear. In the absence of a bill of exceptions or transcript, this court is bound to presume that the findings made by the court were supported by the evidence.

The notice of appeal specifically refers to orders and judgments made and entered by the trial court December 10, 1929, February 14, 1930, May 10, 1930, and December 7, 1930. The judgment of December 10, 1929, was made and entered in pursuance of the pleadings and evidence in what may be termed the original or main proceeding for a money judgment on one cause of action and for a money judgment, or for recovery of property under an implied or resulting trust on the other cause of action. The order of February 14, 1930, was the order denying the motion for a new trial in that action.

The order of May 10, 1930, was an entered and signed order made by the court upon the issue joined in pursuance of the petition of defendants seeking to establish their position and right to recover value of improvements as occupying claimants under the statute. Because of the form of the notice of appeal and the procedure had, a brief analysis of the purposes and procedure under the "Occupying Claimants" statute, sections 5031-5038, Comp. Laws Utah 1917, is required. Matters relating to occupancy and possessory rights of unclaimed public lands are provided by section 4867, Comp. Laws Utah 1917, and as to matters of improvements under color of title by occupying claimants in good faith with a prescribed procedure are found in "Occupying Claimants" statute supra. Section 5031 provides:

"Where an occupant of real estate has color of title thereto, and in good faith has made valuable improvements thereon, and is afterwards in a proper action found not to be the owner, no execution shall issue to put the plaintiff in possession of the same after the filing of a petition as hereinafter provided, until the provisions of this chapter have been complied with."

The main issue involves the title to the real estate. What may be termed the ancillary proceeding arises subsequently

to the trial of the main issue. Title must be determined first, and upon this issue the defendant may or may not have a standing or a cause of action as an occupying claimant. "That claim can only be made after the title is adjudicated to be in a person other than the claimant of the improvements." *Utah Copper Co.* v. *Eckman,* 47 Utah 165, 152 P. 178; *Fares* v. *Urban,* 46 Utah 609, 151 P. 57. When the title has been found to be in a person other than the claimant, the claimant of the improvements may file his petition (section 5031, Comp. Laws Utah 1917) setting forth the grounds on which he seeks relief. Issues are joined thereon and tried as in ordinary actions. If the issues are found in favor of the claimant, the value of the real estate and the improvement must be ascertained. Section 5032, Comp. Laws Utah 1917. In the case of *Van Wagoner* v. *Whitmore,* 58 Utah 418, 199 P. 670, the defendants sought to set up their claim as occupying claimants by counterclaim. In that case the court did not decide whether such an issue could be presented by counterclaim; a demurrer to the counterclaim having been sustained because of insufficiency of facts. Whether or not a defendant may present by counterclaim, his petition to be adjudged an occupying claimant is not before us, and we do not now decide. It seems difficult to harmonize the position of a defendant in a suit where title is involved with that of an occupying claimant, unless defendant confesses plaintiff's claim to title and then claims to be an occupying claimant, or denies title and pleads his occupying claimant claim conditionally upon the result of the issue of title.

"The plaintiff in the main action may thereupon pay" the value of the improvements and take the property. If this is not done in a reasonable time the parties become "tenants in common." Section 5033, Comp. Laws Utah 1917. It seems clear, therefore, that, as the final judgment from which an appeal may be taken in the main action was entered on the 10th day of December, 1929, and the motion for a new trial attacking that judgment was

denied on the 14th day of February, 1930, the time within which an appeal might have been taken expired on the 14th day of August, 1930. The appeal from the judgment in the main action not having been taken within the six months required by the statute, respondent's motion to dismiss the appeal as to said judgment should be granted, and the appeal, in so far as it relates to that judgment, should be dismissed. *Anderson* v. *Halthusen Merc. Co.*, 30 Utah 31, 83 P. 560; *Progress Spinning & Knitting Co.* v. *Dixie Fire Ins. Co.*, 43 Utah 303, 134 P. 1166. So much has been said upon this matter to make clear the separate nature and proceedings involved in this appeal, and the attempt to appeal from both judgments upon one notice of appeal, the time for which had expired as to one but not as to the other.

We now proceed to an examination of the matters affecting the judgment entered December 6, 1930, wherein it was decided by the court that the defendants were not occupying claimants. Again the record is incomplete. The certificate purporting to settle and allow the bill of exceptions in so far as material for our purposes reads:

"I * * * hereby certify that the foregoing Bill of Exceptions contains all of the evidence and exhibits offered and received upon the hearing of said cause upon defendants' petition as occupying claimants, and not the evidence on the trial in chief."

There is no evidence in the record at all as to the question of occupying claimants. We learn from the judgment roll of the main action and counsels' statements that the defendants had received some funds from plaintiff to purchase a piece of property at No. 1028 West Fifth South street, Salt Lake City, Utah, and had taken a deed therefore running to the defendants, that certain improvements had been made, that the court found that the plaintiff was the equitable owner of the property, that the defendants held the property in trust for the plaintiff, that defendants were required by the order of the court to convey the property to the plaintiff, or upon failure to do so the decree of the

court should stand as a conveyance. There is no evidence before this court as to any of those matters.

The petition to have the value of the improvements determined and the defendants declared to be "occupying claimants" was set and tried upon the issues presented. The defendants appear to have assumed that they were "occupying claimants," and offered no evidence, in so far as the record discloses, tending to establish that relation. In the "occupying claimant" action the court made findings and entered judgment to the effect that the evidence as to the value of the improvements was "uncertain but was about $300 as shown by the itemized statement filed," that the improvements were not made in good faith, and that the defendants were not occupying claimants, and their petition was dismissed. It may be doubted whether the purported bill of exceptions can be considered for any purpose whatsoever, but, even if considered at all, the record does not justify our disturbing the judgment of the trial court. The findings are, in so far as we can discover from the incomplete record submitted, in accordance with the evidence, and, in the absence of anything from which we can find to the contrary, presumed to be correct. Among the many cases decided by this court supporting the doctrine, the following may be cited: *Fee* v. *National Bank of the Republic,* 37 Utah 28, 106 P. 517; *Roberts* v. *Bertram,* 49 Utah 280, 163 P. 787; *Davis* v. *Utah Const. Co.,* 64 Utah 460, 231 P. 816, and *Thomas* v. *Foulger,* 71 Utah 274, 264 P. 975. Whether or not the improvements were made in good faith is a matter largely to be determined from the relations of the parties, the attitude displayed at the trial, and the motive and purposes prompting the making of the improvements. The manifest imperfections and incompleteness of the record as indicated by the record itself and the order of settlement heretofore referred to present a situation that does not justify our interference therewith. In so far as the records disclose, the relationship of the parties to the main action, and particularly the findings and judg-

ment, would indicate that the defendants were the holders of the property as a resultant trust. No other relationship can be harmonized with the situation. The trial court was therefore justified in finding that the defendants were not occupying claimants.

It is therefore manifest that, in so far as this appeal applies to an attempted appeal from the judgment entered in the main action on the 10th day of December, 1929, the appeal should be and accordingly is dismissed. As to the judgment entered in the occupying claimant action entered on the 6th day of December, 1930, said judgment is affirmed. Respondent to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.