[Civ. No. 2189.   Fourth Appellate District.—December 22, 1938.]

C. P. DENNIS, Appellant, v. C. L. BARNETT et al., Respondents.

John L. Campbell for Appellant.

H. Sidney Laughlin for Respondents.

BARNARD, P. J.—This is an action to quiet title to a mining claim. The complaint is in the usual form alleging, among other things, that the plaintiff is the owner of a described piece of property, the claim being known as "Bristol No. One", and that the original location notice was recorded on July 2, 1936. The defendants answered and also filed a cross-complaint, alleging that on April 10, 1934, they discovered and located a mining claim which they named "Big Sulphur Claim" and describing the same as it was described in the recorded notice of location, a copy of which is attached to the cross-complaint as exhibit "A". It is further alleged that subsequent to the location thereof the locators posted said claim and erected monuments thereon in accordance with the requirements of the statutes of the United States and of the state of California; that they entered into possession of said claim and performed work of the value of $600 during the year 1934–35 and work to the value of $700 during the year 1935–36, making proper proof thereof; and that at all times since the discovery and location of said claim cross-complainants have been and now are in the open, notorious and adverse possession thereof and have never abandoned the same nor any part thereof.

It is then alleged that some time during the year 1935 and while the cross-complainants were in open, notorious and adverse possession of this claim the plaintiff, with the knowledge and consent of the cross-complainants, went upon said claim for the purpose of examining the same and procuring samples of the ores thereon and of ascertaining the boundaries thereof with the view of purchasing said claim from the cross-complainants; that the plaintiff did examine said claim and the boundaries thereof and the monuments erected thereon and the work done thereon, and took samples of ores and minerals therefrom; that thereafter and during the year 1936, without the knowledge or consent of the cross-complainants and against their will, the plaintiff entered upon said Big Sulphur Claim and attempted to locate the

same or some part thereof and caused to be recorded a purported notice of location dated July 2, 1936; and that said purported location and notice of location were made within the limits of the Big Sulphur Claim without the knowledge or consent of the cross-complainants and against their will. The prayer was that the plaintiff take nothing and that the defendants have judgment quieting their title in and to the claim known as the Big Sulphur Claim.

The court found in all respects in favor of the defendants, finding, among other things, that the defendants discovered the Big Sulphur Mining Claim on April 10, 1934; that they erected a substantial discovery monument at the point of discovery consisting of a pile or mound of rocks approximately three feet high; that they erected similar substantial monuments at the four corners and one in the center of the end lines of said claim; that all of these monuments were at all times sufficiently conspicuous so that anyone wanting to learn whether the property was located could have readily found the discovery monuments and the boundaries of the claim; that on April 10, 1934, the defendants placed their original location notice in a tobacco can which was put in the discovery monument; that on May 18, 1934, they recorded a copy thereof in the office of the county recorder of San Bernardino County; that the copy of said recorded notice attached to the cross-complaint is a true copy thereof; that upon inspection and examination of the discovery monument the location notice would have been found and the monument referred to therein could be none other than the discovery monument mentioned in the findings; that Cave Canyon was, at all times mentioned, about five miles long and ranged in width from 1320 feet to a narrow space; that the distance of the discovery monument on said claim from the Union Pacific tracks is about 1200 feet; that the plaintiff could have readily ascertained the extent and boundaries of the Big Sulphur Claim had he made any reasonable effort so to do; that at all times mentioned there was located on said claim the tools and mining equipment of the defendants; that the defendants had been at all times mentioned in possession of said claim, in good faith working the same, and at no time had they abandoned it.

It was further found that on or before July 1, 1936, the plaintiff attempted to locate the Bristol No. One claim on

substantially the same area of ground set out and described in the Big Sulphur Claim; that the plaintiff on July 2, 1936, recorded in the office of the recorder of San Bernardino County a notice of location; that on July 1, 1936, the plaintiff erected a discovery monument on said Big Sulphur Claim which purported to be the discovery monument of plaintiff's claimed Bristol No. One; that this monument was erected out of rock and ore taken from a 20-foot shaft sunk by the defendants; that this monument was located twenty feet distant from this shaft; that on that date the shaft contained tools and mining equipment belonging to the defendants; that on that date the discovery monument erected by the defendants on the Big Sulphur Claim was in place and in its original form, was clearly visible from the site of the discovery monument erected by the plaintiff and still contained the tobacco can with the notice of location which had been placed therein by the defendants; and that plaintiff, before he attempted to locate the Bristol No. One Claim, knew that the defendants had located the same property under their claim known as the Big Sulphur, and knew that the defendants were in possession and claimed the ownership of the said Big Sulphur Claim. A decree was entered adjudging that the plaintiff has no right, title or interest in and to the land described in the decree, and quieting title to said property in the defendants. From the judgment so entered the plaintiff has appealed upon the judgment-roll alone.

The only point raised by the appellant is that the notice of location recorded by the respondents on May 18, 1934, was ineffectual for the reason that it failed to contain a sufficient description of the property claimed, as required by section 2324, R. S., title 30, section 28, U. S. C. A. and section 1426 of the Civil Code of this state. These sections provide that such a notice shall contain a description of the claim "by reference to some natural object or permanent monument as will identify the claim". While the appellant concedes that under established rules such location notices are to be liberally construed and that since the evidence is not before us all assumptions and intendments are to be taken in favor of the judgment, he contends that since the insufficiency of the notice recorded by the respondents on May 18, 1934, appears upon its face, the court erred in

admitting the notice in evidence (citing *Darger* v. *Le Sieur,* 8 Utah, 160 [30 Pac. 363]) and, therefore, that no evidence which might have been received could have cured the defects and nothing may be assumed in favor of the judgment.

The location notice thus attacked, which the court found to have been placed on the premises and recorded, described the property as follows:

"The general course of the vein is Northerly and Southerly Situated in the Cave Canyon Mining District, County of San Bernardino, State of California, and more particularly described as follows, to-wit:

"Commencing at Monument & running 750 feet Northeasterly 750 Southwesterly together with 300 feet on each side of the center of the vein, this claim is located on the North side of the Mojava River about 400 yards from the Union Pacific track."

The statutes above referred to require that the location notice shall contain a description of the claim by reference to some natural object or permanent monument in such a manner as to identify the claim. The essential requirement is that it shall be so described and identified that it could be found or located from the description by anyone interested in doing so, in other words, that the location of the claim can be readily ascertained. We are unable to agree with the contention that the description here in question is so obviously deficient, on its face, as to preclude the admission of the notice into evidence. Not only did the respondents erect seven substantial monuments on the premises, as found by the court, but the location notice states that the claim is located on the north side of Mojave River about 400 yards from the Union Pacific track and in Cave Canyon Mining District. For all that appears on the face of the notice Cave Canyon may be narrow for a considerable distance near its mouth, which may open at a point on the Union Pacific track. If that be true, and with the additional description that the claim is north of the Mojave River, this may have been a perfect description of the location, enabling a person to locate the property accurately by going to the point on the Union Pacific track opposite the entrance to the canyon and proceeding into the canyon a distance of about 400 yards. It might even be that the Union Pacific had a spur track running into the Cave Canyon Mining District

and that the claim in question was about 400 yards from the end of this track. While the facts are not before us, other than as shown by the findings, the court did find that Cave Canyon ranges in width from 1320 feet to a narrow space and that the distance of the discovery monument on this claim from the Union Pacific tracks is about 1200 feet. It does not appear on the face of the notice that the description was not sufficient to enable the property to be readily found and the notice was properly received in evidence. It must be assumed, in support of the judgment, that any possible uncertainty in connection with the notice was cleared up by the evidence and the implied finding that the notice was sufficient must be sustained.

■ A further consideration is that the appellant had actual notice and knowledge of the location of this claim. The court not only found that at all times the monuments erected by the respondents were sufficiently conspicuous so that anyone seeking to learn whether the property had been located could readily have discovered them, and that the extent and boundaries of the claim could readily have been ascertained by any reasonable effort, but also found that the appellant, before he attempted to locate the same claim, knew that the respondents had located it and that they were in possession and claimed ownership. It was even found that the appellant took rock and ore from the respondents' shaft, which contained their tools and mining equipment, for the purpose of erecting his purported discovery monument some twenty feet away from the shaft. As a conclusion of law, the court found that the appellant "did not act in good faith in attempting to locate or relocate the claim". Under the circumstances the location by the respondents was good as against the appellant. (*Stock* v. *Plunkett*, 181 Cal. 193 [183 Pac. 657].)

■ An error appears, however, in the technical description of the property appearing in the findings and in the decree. In each instance, after describing the property as it was described in the location notice which was recorded by the respondents, and in referring to the discovery monument mentioned in said notice the description continues: "That said discovery monument bears North 43° 36' West 2320 feet, more or less, from the west quarter corner of Section 22, Township 11 North, Range 6 East, San Bernar-

dino Base and Meridian." From this description it would appear that the Big Sulphur Claim was in section 21, township 11 north, range 6 east, S. B. B. & M., whereas the claim described in the complaint is in section 22, township 11 north, range 6 east, S. B. B. & M. The cross-complaint alleged that the property in question was the same as that described in the complaint and the court found that the claim which the appellant attempted to locate, known as Bristol No. One, was substantially the same area of ground described in the location notice locating the Big Sulphur Claim. There is a conflict between that finding and the finding above quoted as to the relation of the discovery monument to the west quarter corner of section 22 of this township. Apparently the discrepancy and the conflict between these findings arose because of a typographical error in the description last referred to, and the words "West 2320 feet" should be "East 2320 feet." If the word "East" had there been used instead of the word "West" it would seem from the record and the briefs that the description used in the findings and decree would coincide with the description used in the complaint and correctly describe the property in question. Because the evidence is not before us it is not possible to correct the findings here.

For the reasons given the judgment is reversed with instructions to the trial court to correct the findings by amendment, in so far as this conflict is concerned, taking further evidence if necessary, and after finding the correct description of the property to enter judgment quieting the respondents' title thereto.

Griffin, J., and Marks, J., concurred.